970

## In re SCHNEIDER.
### Patent Appeal No. 2657.

Court of Customs and Patent Appeals.
March 31, 1931.

See, also, 47 F.(2d) 971.

Wallace R. Lane, of Chicago, Ill. (William S. Hodges, of Washington, D. C., and Louis A. Bisson, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the Patent Office affirming that of the Examiner, rejecting claims 6 to 13, inclusive, being all of the claims in the application. The claims were rejected for lack of invention over the prior art. Claims 7 and 10 are regarded as illustrative and follow:

"7. A window sash weight comprising an elongated rectangular hollow body having an open top and having two sides with integral upper extensions, a pulley rotatably mounted across the open end of said body in said extensions, the opposite end of said body being open and having integral opposed extensions forming weight ledges and provided with means for the attachment of an extra weight thereto, one of the sides of said body having an elongated opening therein which is of less length and width than the corresponding dimensions of such side whereby to provide weight-retaining flanges extending longitudinally of the body, and said opening being of sufficient width with relation to the weights to be inserted to permit one or more of such weights to be angularly inserted through said opening and turned so as to rest horizontally upon the ledges or on preceding weights and to be retained in position with their opposed ends behind the retaining flanges."

"10. A window sash weight comprising a hollow body having an opening in a vertical wall thereof, retaining flanges at the sides of said opening, weight elements adapted to be placed in said body through said opening, said elements being longer than the width of said opening whereby the ends of the weight elements extend behind said retaining flanges."

The references relied upon are: Dickinson, 1,463,877, August 7, 1923; Schneider, reissue, 15,634, June 26, 1923; Reich, French, 385,916, April 2, 1908.

Appellant's application is for a patent for window weights which consist of a structure which is for the most part a hollow rectangular body, the top portion of which contains a wheel and pulley device. On one side of the rectangular body is an opening with flanges on the side of the same into which opening may be inserted the weight elements of different sizes. The object of the invention is to provide a means by which additional weights can be added to a window weight in order that it may be adjusted to sashes of different weights.

We agree with the decision of the Board that appellant's disclosure does not show invention over the prior art. The Dickinson and Schneider patents disclose everything disclosed by appellant except the retaining flanges, and they are disclosed in the French patent to Reich.

Appellant complains because the Patent Office relied on Reich as a reference for the rejection of the flange feature of the claims. Reich's patent is for a box for the transportation or storage of briquettes. Appellant contends that the rejection of his claim upon Reich, which he regards as nonanalogous art, is contrary to the rule, and cites several authorities, discussion of which is not necessary here, and also cites Potts v. Creager, 155 U. S. 597, 15 S. Ct. 194, 199, 39 L. Ed. 275. No point is made of the fact that Reich is a foreign patent, since it clearly discloses the flanges.

The applicant's device and the device of Reich are both containers for flat-sided

weighty articles. Both structures disclose a flange for facilitating the placing of objects in the container, and taking them out, and for holding them securely in position when in use. Both devices use the same kind of flange for the same purpose. The test here as to whether Reich is an objectionable reference under the nonanalogous art rule would seem to be, Is the patentable conception in Reich in an art so remote and nonanalogous to the concept in applicant's art as to require invention to make the necessary substitution? See In re Voorhees, 40 F.(2d) 773, 17 C. C. P. A. 1162; In re Burrows, 40 F.(2d) 1011, 17 C. C. P. A. 1254. The question also involves a consideration of how much change, if any, would be required in making the substitution.

In Potts v. Creager, supra, relied upon by the appellant, the Supreme Court of the United States said:

"As a result of the authorities upon this subject, it may be said that, if the new use be so nearly analogous to the former one that the applicability of the device to its new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and especially if the use of the old device produce a new result, it *may* at least involve an exercise of the inventive faculty. Much, however, must still depend upon the nature of the changes required to adapt the device to its new use." (Italics quoted.)

We conclude that no new and useful result is obtained by the substitution of the flanges of Reich in the window weight device of applicant, and that such substitution involved no patentable invention.

The decision of the Board of Appeals is affirmed.

Affirmed.

